IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TAIWAN KING | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| CARDINAL SERVICES, LLC AND | § | |
| RAEGAN LEMAIRE | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Taiwan King, files this Original Complaint complaining of the acts or omissions of Defendants Cardinal Services, LLC and Raegan LeMaire and respectfully shows the Court as follows:

## PARTIES

1.     Plaintiff Taiwan King is an individual residing in Jackson, Mississippi.

2.     Defendant, Cardinal Services, LLC, is a foreign corporation organized under the laws of the State of Nevada, and its principal place of business is located at 7514 Highway 90 West, New Iberia, Louisiana 70560. This defendant may be served with process through its registered agent for service, William Kartsimas, at 7514 Highway 90 West, New Iberia, Louisiana 70560.

3.     Defendant, Raegan LeMaire, an individual and resident of the State of Louisiana. Mr. LeMaire may be served with process at 201 Country Park Drive, Youngsville, Louisiana 70592 or wherever he may be found. Service of this defendant can be effected by personal delivery.

## STATEMENT OF JURISDICTION AND VENUE

4.     Jurisdiction and venue are proper in this Court.

1

5.      This court has personal jurisdiction over the parties because all or a substantial part of the events giving rise to this dispute occurred within the State of Texas.  Moreover, this Court has personal jurisdiction over Defendants Raegan LeMaire and Cardinal Services, LLC because these defendants do business in the State of Texas, and this lawsuit arises out of a tort Raegan LeMaire and Cardinal Services, LLC committed in the State of Texas.

6.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C § 1332(a)(1) because there is diversity of citizenship among the parties, in that Defendants were diverse in citizenship from Plaintiff now and at the time this action was commenced. Furthermore, the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

7.      Venue in this Court is proper under 28 U.S.C. §1391(b)(2) because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this judicial district.

### FACTUAL BACKGROUND

8.      On or about January 23, 2019 at approximately 10:24 a.m. Plaintiff Taiwan King was driving his 2012 Peterbilt tractor-trailer combination on the inside, southbound lane on US Highway 59 in Shelby County, Texas when Defendant, Raegan LeMaire, also driving on Highway 59, negligently made an unsafe U-turn  turn on Highway 59 and failed to yield the right-of-way to As a result, Defendant LeMaire pulled out into Mr. King's southbound lane of travel and struck Mr. King's vehicle. The impact from the collision forced Mr. King's vehicle off of the road and caused Mr. King to crash into the ditch alongside US Highway 59.

9.      At all relevant times, Mr. King was operating his vehicle in a reasonable and prudent manner, exercising care for his safety and the safety of others.

2

10.     At the time of the collision, Defendant Raegan LeMaire was operating a 2015 Kenworth tractor-trailer combination owned, operated and /or controlled by Cardinal Services, LLC. Defendant LeMaire failed to properly operate his vehicle and proximately caused the collision with Plaintiff Taiwan King. As a result of Defendants' negligence, Plaintiff sustained serious injuries, which caused him to incur substantial medical treatment, including surgery, and other damages for which he now seeks relief.

## COUNT I:  RESPONDEAT SUPERIOR

11.     Plaintiff incorporates all other paragraphs by reference here fully.

12.     Whenever in this Petition it is alleged that Defendants did or failed to do any particular act and/or omission, it is meant that Defendants, acting individually, or by and through agents, officers, directors, servants, and employees, either did or failed to do that particular act and/or omission, in the course and scope of his employment, agency or contract with Defendants, and in furtherance of Defendants' business.

13.     At the time of this collision and immediately prior thereto, Defendant Raegan LeMaire was within the course and scope of his employment with Defendant Cardinal Services, LLC and was driving Cardinal Services, LLC's commercial tractor-trailer in furtherance of Cardinal Services, LLC's business.

14.     At the time of this collision and immediately prior thereto, Defendant Raegan LeMaire was engaged in accomplishing a task for which he was employed by Defendant Cardinal Services, LLC

15.     Additionally or alternatively, at the time of the collision and immediately prior thereto, Defendant Raegan LeMaire was a statutory employee of Defendant Cardinal Services, LLC under 49 C.F.R. §§ 376.11–12, 390.5, et seq. and other applicable law.

16.     Therefore, under the doctrine of respondeat superior, Defendant Cardinal Services, LLC is vicariously liable for the acts and omissions of their agents, officers, directors, servants, and employees in the course and scope of their employment, including Raegan LeMaire, as further outlined elsewhere in this Petition and incorporated by reference here fully.

### COUNT II: NEGLIGENCE AND NEGLIGENCE PER SE AGAINST RAEGAN LEMAIRE

17.     Plaintiff incorporates all other paragraphs by reference here fully.

18.     Plaintiff would show that Defendant LeMaire was the driver of the commercial tractor-trailer operated for profit.  Defendant LeMaire is a professional trucker driver. As such, Mr. LeMaire had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

19.     Plaintiff's injuries and damages were proximately caused by Defendant LeMaire's negligent, careless and reckless disregard of this duty.

20.     The negligent, careless, and reckless disregard of this duty consisted of, but is not limited to, the following acts and omissions:

A.  Failing to yield the right-of-way to Plaintiff;

B.  Failing to keep a proper lookout for Plaintiff that would have been exercised by a person of ordinary prudence under the same or similar circumstances;

C.   Failing to manage the space around his vehicle;

D.  Making an unsafe U-turn;

E.  Turning when unsafe;

F.  Failing to drive in a single lane, in violation of TEX. TRANS. CODE § 545.060.

G.  Driver inattention;

H.  Such additional acts of negligence, which will be established as the case progresses.

## COUNT III:  NEGLIGENT ENTRUSTMENT AGAINST CARDINAL SERVICES, LLC

21.     On January 23, 2019, Defendant Cardinal Services, LLC was the owner of the commercial tractor-trailer operated by Raegan LeMaire. Defendant LeMaire, at the time of this wreck and at all times prior, was an incompetent, unfit, unqualified and/or reckless driver.

22.     Defendant Cardinal Services, LLC entrusted the commercial tractor-trailer to Defendant LeMaire on January 23, 2019, when it knew or, through the exercise of reasonable care, should have known that Defendant LeMaire was a reckless and/or incompetent driver.

23.     As outlined in the above, Defendant LeMaire was negligent on January 23, 2019, and Defendant LeMaire's negligence was the sole and proximate cause of Plaintiffs' injuries and damages. Therefore, Cardinal Services, LLC is liable for negligent entrustment.

## COUNT IV:  NEGLIGENT TRAINING, SUPERVISION, AND RETENTION AGAINST CARDINAL SERVICES, LLC

24.     Plaintiff incorporates all other paragraphs by reference here fully.

25.     Additionally, Cardinal Services, LLC was negligent for failing to adequately train Mr. LeMaire when it failed to properly train Mr. LeMaire and sure Mr. LeMaire complied with the Texas Transportation Code. Cardinal Services, LLC owed a duty to ensure that all of its drivers, including Mr. LeMaire, were competent drivers prior to entrusting him with a commercial motor vehicles. Because Cardinal Services failed to provide adequate training to Mr. LeMaire, Cardinal Services, LLC breached in its duty to adequately train its employee. This failure proximately caused injury and damages to Plaintiffs.

26.     Additionally, Defendant Cardinal Services, LLC, was negligent for failing to adequately supervise Defendant LeMaire prior to the incident made the basis of this lawsuit.  Proper supervision by Cardinal Services, LLC would have revealed that Defendant LeMaire was an

incompetent, reckless and/or unqualified driver.  As such, it was reasonably foreseeable that Cardinal Trucking, LLC's failure to train or supervise Defendant LeMaire could cause severe injury to other motorists, including Plaintiff. Accordingly, Cardinal Services, LLC's negligent lack of training and/or supervision of Mr. LeMaire was a proximate cause of Plaintiffs' injuries and damages.

27.     Finally, Defendant Cardinal Services, LLC was negligent in retaining Raegan LeMaire as an employee, and allowing him to continue driving one of its commercial motor vehicles, prior to and at the time of the incident made the basis of this lawsuit. These negligent acts or omissions were a proximate cause of Plaintiffs' injuries and damages, rendering Cardinal Services, LLC directly liable.

## COUNT V:  GROSS NEGLIGENCE

28.     Plaintiff respectfully shows this Court and jury that the injuries and damages that Plaintiff sustained in the incident in question were caused by the gross negligence of Defendants, acting by and through their employees, agents, drivers, officers, and representatives, in the course of employment for said Defendants.

29.     Plaintiff would further show that these acts and omissions, when viewed from the standpoint of Defendants, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others.  Defendants had actual, subjective awareness of the risks of their conduct, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

30.     Additionally, Defendant Cardinal Services, LLC is grossly negligent as a result of recklessly entrusting a commercial motor vehicle to Raegan LeMaire, who was unqualified, through training and/or experience, to operate a commercial motor vehicle, and who was reckless

and unfit.  Cardinal Services, LLC's reckless failure to properly train, failure to supervise, retention and entrustment of its commercial motor vehicle to Defendant LeMaire, proximately caused Plaintiff's injuries and damages.

31.  As such, Defendants are grossly negligent and should be subjected to exemplary damages.

## DAMAGES FOR PLAINTIFF

32.  As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs, Taiwan King, has suffered severe injuries and incurred the following damages:

A.  Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the crash complained of herein and such charges are reasonable and were usual and customary charges for such services;

B.  Reasonable and necessary medical care and expenses that will, in all reasonable probability, be incurred in the future;

C.  Physical pain and suffering in the past;

D.  Physical pain and suffering that will, in all reasonable probability, be suffered in the future;

E.  Disability and physical impairment in the past;

F.  Disability and physical impairment which, in all reasonable probability, will be suffered in the future;

G.  Mental anguish in the past;

H.  Mental anguish which, in all reasonable probability, will be suffered in the future;

I.  Loss of wages and earning capacity in the past;

J.  Loss of wages and earning capacity, which, in all probability, will be incurred in the future;

K.  Cost of medical monitoring and prevention in the future;

L.  Disfigurement in the past and future;

M. Pre-judgment and post-judgment interest at the highest rates allowed by law;

N. Exemplary damages; and

O. Any and all other damages to which Plaintiff shows entitlement in law or equity through the course of this proceeding.

## CONCLUSION & PRAYER

Plaintiff prays for a trial by jury and that, after due proceedings are had, there be judgment rendered herein in favor of Plaintiff against Defendants Cardinal Services, LLC and Raegan LeMaire for all damages, together with the maximum allowable legal interest thereon from the date of the incident until paid, and for all costs of this proceeding. Plaintiff further prays he be allowed to proceed and prosecute this case without pre-payment of costs, and for all other and further relief to which Plaintiffs may be entitled under law and in equity.

Respectfully submitted,

By: *Josh B. Maness*

Josh B. Maness
Texas State Bar No. 24046340
480 W. Texas Avenue
Waskom, Texas 75692
Telephone: 903.407.8455
Facsimile:  877.320.5751
Email: josh@joshmaness.com

-and-

Ryan H. Zehl
Texas State Bar No. 24047166
rzehl@zehllaw.com
Matt L. Martin*
Texas State Bar No. 24090246
mmartin@zehllaw.com
Zachary P. McFarlane*
Texas State Bar No. 24098075
zmcfarlane@zehllaw.com
ZEHL & ASSOCIATES, PC

2700 Post Oak Blvd., Suite 1000
Houston, Texas 77056
Telephone: 713.491.6064
Facsimile: 713.583.8545

*Application for Admission Forthcoming*

**ATTORNEYS FOR PLAINTIFF
TAIWAN KING**