**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| TAIWAN KING, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:19-cv-00217-RSP |
| | § | |
| CARDINAL SERVICES, LLC, and | § | |
| RAEGAN LEMAIRE, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION**

Before the Court is the Motion to Exclude Expert Testimony of Richard Baratta, filed by Plaintiff Taiwan King. Dkt. No. 61. King moves the Court to exclude the entirety of the opinions of Dr. Richard Baratta, Defendants' biomechanical expert. *Id*. at 1[1]. The Court **GRANTS-IN-PART** and **DENIES-IN-PART** the Motion.

**BACKGROUND**

This case arises from a collision between two commercial motor vehicles. Raegan LeMaire, as an employee of Cardinal, was driving an 18-wheeler truck carrying heavy industrial equipment. *Id*. at 1. LeMaire was leading a convoy of other vehicles, also driven by Cardinal employees, along a state-permitted route from Carthage, Texas to Mauriceville, Texas. *See id*. During a U-turn maneuver by LeMaire, their vehicles collided. *Id*.

Defendants have retained Dr. Baratta as an expert in this matter. Dr. Baratta is an accident reconstruction and biomechanical expert. Dkt. No. 73 at 1–2. On March 1, 2021, Plaintiff filed this motion[2]. *Id*.

---

[1] Citations are to the page numbers assigned through the ECF system.
[2] On March 12, 2021, Defendants filed their Response. Dkt. No. 73.

**LEGAL STANDARDS**

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Federal Rule of Evidence 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

**ANALYSIS**

Plaintiff argues that Dr. Baratta is unqualified to give his offered opinions and that his opinions are otherwise unreliable. *See* Dkt. No. 61 at 4. Plaintiff contends that Dr. Baratta's opinion testimony is uniquely within the province of a medical doctor, not an engineer. *See id*. Specifically,

Plaintiff argues Dr. Baratta opines on the medical causation of the injuries King alleges were caused by the collision. *Id*. (citing Dkt. No. 61-3 at 5) ("sprains of neck or lumbar tissues would not be consistent with being caused by the mechanics of this accident."). Plaintiff further argues that Dr. Baratta's uses of "consistent" versus "caused" are merely semantics and that Dr. Baratta is indeed disguising medical causation opinion testimony as biomechanical expert opinions. *Id*. at 7.

Plaintiff also challenges the reliability of Dr. Baratta's opinion, alleging that Dr. Baratta's opinion is unsupported and does not connect to the facts of the case. *Id*. at 8–12. In particular, Plaintiff argues "Baratta fail[ed] to account for the impact of King's truck when it crashed into the ditch." *Id*. at 9.

Defendants counter that Dr. Baratta is not offering medical causation testimony but merely applying "principles of engineering mechanics to questions that may arise in medicine and biology." Dkt. No. 73 at 2 (citing Dkt. No. 61-2 at 21); *see also* Dkt. No. 73 at 2 ( "He does not opine whether a specific accident caused or did not cause a specific person's injuries; rather, he opines regarding the physics of an accident and what is the general expectation of a type of injury resulting based on those physics."). Defendants further contend that Dr. Baratta's calculations and methodologies are fully supported and reliable. *Id*. at 10 ("the calculations that [Dr. Baratta] made in this case are reliable and are the same types of calculations that are made by people who are tasked with keeping vehicles safe."). Furthermore, Defendants argue that Dr. Baratta considered all of the relevant facts and rendered opinions accordingly. *See id*. at 10–11.

Indeed, Dr. Baratta does opine on the medical causation of King's injuries. Allowing Dr. Baratta to testify as to whether this collision did or did not cause, or was otherwise "consistent with," Plaintiff's particular injuries would exceed his scientific knowledge. Thus, opinions offered

by Dr. Baratta that seek to relate physical forces felt by King during the crash to any injuries Plaintiff alleges were sustained as a result of that collision are excluded.  The same is true for whether the calculated forces would be likely to cause injuries to any other person.

However, Dr. Baratta's other opinions will not be excluded on this motion, but rather considered during trial based on contemporaneous objections. The presumptions or assumptions that King contends render Dr. Baratta unreliable appear to go to the weight of Dr. Baratta's testimony not its admissibility.

**CONCLUSION**

For the reasons discussed above, Dr. Baratta's opinion as it relates to the medical causation of King's alleged injuries is **EXCLUDED**. In all other respects, the motion is denied.

**SIGNED this 11th day of April, 2021.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE