IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TAIWAN KING, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. 2:19-cv-00217-RSP |
| CARDINAL SERVICES, LLC and RAEGAN LEMAIRE, | § § § § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION

Before the Court is the Motion to Exclude Expert Testimony of Rodney Ellis, filed by Plaintiff Taiwan King ("Plaintiff" or "King"). Dkt. No. 62. King moves the Court to exclude the entirety Mr. Rodney Ellis' opinions, Mr. Ellis is Defendants' trucking safety expert. *Id*. at 2[1]. The Motion is **DENIED**.

**BACKGROUND**

This case arises from a collision between two commercial motor vehicles. Raegan LeMaire, as an employee of Cardinal, was driving an 18-wheeler truck carrying heavy industrial equipment. *Id*. at 1. LeMaire was leading a convoy of other vehicles, also driven by Cardinal employees, along a state-permitted route from Carthage, Texas to Mauriceville, Texas. *See id*. During a U-turn maneuver, LeMaire and King collided. *Id*.

Defendants have retained Mr. Ellis as an expert in this matter. Mr. Ellis is Defendants' retained safety trucking expert. *Id*. at 2. On March 1, 2021, Plaintiff filed this motion[2]. *Id*.

---

[1] Citations are to the page numbers assigned through the ECF system.
[2] On March 12, 2021, Defendants filed their Response. Dkt. No. 72.

**LEGAL STANDARDS**

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Federal Rule of Evidence 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

**ANALYSIS**

Plaintiff argues that Mr. Ellis is unqualified to offer opinions in this case and that his opinions are otherwise unreliable. *See* Dkt. No. 62 at 5. Plaintiff contends "Ellis—a former commercial truck driver—is not qualified to testify as to a commercial truck driver's duty and breach—and, more especially, to the driver's employer's duty and breach." *Id*. Plaintiff's support

for this contention is that this matter shares some similarities to another case in which Mr. Ellis has been excluded. *See id*. at 5–7; *see also Pennington v. UPS Ground Freight, Inc.*, No. 3:16-CV-00248-NBB-JMV, 2018 U.S. Dist. LEXIS 66330, 2018 WL 1881541 (N.D. Miss. Apr. 18, 2018).

"Whether a witness is qualified to testify as an expert if left to the sounds discretion of the trial judge, who is in the best position to determine both the claimed expertise of the witness and the helpfulness of his testimony." *Pennington*, 2018 U.S. Dist. LEXIS 66330 at *3 (quoting *Sullivan v. Rowan Cos.*, 952 F.2d 141, 144 (5th Cir. 1992). After review of Mr. Ellis' expert report, the opinions offered therein, his deposition testimony, and the explanation for his opinions, the Court finds that Mr. Ellis is qualified to offer the opinions expressed within his report. Based on Mr. Ellis' experience and training, the opinions he offers— relating truck driving techniques, truck driving practices, and safety policies—is within Mr. Ellis' area of expertise.

Plaintiff also challenges the reliability of Mr. Ellis' opinion. Plaintiff alleges Mr. Ellis' testimony is unsupported and does not connect to the facts of the case. *See generally* Dkt. No. 62 at 8–16. In particular, Plaintiff argues that Mr. Ellis did not "link[] Mr. King's speed to this crash" nor did Mr. Ellis "connect driving defensively . . . to this crash," therefore making Mr. Ellis' opinion unreliable. *Id*. at 13.

Defendants' counter that Mr. Ellis' opinion is adequately supported and related to the facts of the case. *See* Dkt. No. 72 at 2. Defendants argue that Mr. Ellis'

> methodology is [] commonly used among his trucking expert peers. That is, such experts weigh the facts and evidence with which they are provided, utilize their specialized training and knowledge of the industry, perform research if necessary, and compare the facts that they have been given to the standard in the industry as well as the Federal Motor Carrier Safety Administration and CDL standards.

*Id*. at 8. Defendants also argue that Mr. Ellis sufficiently connects his opinion to the facts of this case because Mr. Ellis' opinions relate whether King acted reasonably under the circumstances, which is necessarily tied to the specific facts of the present case. *See id*. at 9.

Mr. Ellis' opinions are sufficiently supported and connected to the facts of the case to meet the *Daubert* threshold. Mr. Ellis' opinions are sufficiently bounded by his explanation that the Plaintiff can fully cross-examine Mr. Ellis on the actual basis and assumptions underlying his opinion. Similarly, Mr. Ellis' opinions regarding how King should or should not have acted under the circumstances, as well as the results of those actions or inactions, are sufficiently tied to the facts of this case. Accordingly, Mr. Ellis' expert testimony is permitted.

## CONCLUSION

For the reasons discussed above, Mr. Ellis' expert opinion is admissible. The Motion is **DENIED**.

**SIGNED this 12th day of April, 2021.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE