# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TAIWAN KING, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Case No. 2:19-cv-00217-RSP |
| § | |
| CARDINAL SERVICES, LLC and § | |
| RAEGAN LEMAIRE, § | |
| § | |
| *Defendants*. § | |

## MEMORANDUM OPINION

Before the Court is the Motion to Strike Expert Testimony and Reports of Plaintiff's Expert Robert Kelly, filed by Defendants Raegan LeMaire and Cardinal Services, LLC (collectively the "Defendants"). Dkt. No. 58. Defendants move the Court to disqualify and/or strike the opinions of Mr. Robert Kelly, Plaintiff Taiwan King's trucking safety expert. *Id*. at 2[1]. The Motion is DENIED.

## BACKGROUND

This case arises from a collision between two commercial motor vehicles. Raegan LeMaire, as an employee of Cardinal, was driving an 18-wheeler truck carrying heavy industrial equipment. Dkt. No. 110 at 1. LeMaire was leading a convoy of other vehicles, also driven by Cardinal employees, along a state-permitted route from Carthage, Texas to Mauriceville, Texas. *See id*. During a U-turn maneuver, LeMaire and King collided. *Id*.

Plaintiff retained Mr. Kelly as a safety trucking expert. *See* Dkt. No. 58 at 2. On March 1, 2021, Defendants filed this motion[2]. *Id*.

---

[1] Citations are to the page numbers assigned through the ECF system.
[2] On March 12, 2021, Plaintiff filed its Response. Dkt. No. 76.

**LEGAL STANDARDS**

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Federal Rule of Evidence 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

**ANALYSIS**

Defendants argue Mr. Kelly is unqualified to offer opinions in this case and that his opinions are otherwise unreliable. *See generally* Dkt. No. 58 at 2–7. Defendants contend Mr. Kelly does not have the requisite knowledge, skill, experience, training, and/or education to properly render his opinion because he:

> (1) does not have a college degree, (2) worked in retail consumer electronics prior to Kelly's law enforcement career, (3) started his law enforcement career as a jailer, (4) worked for small police departments, (5) worked in some capacity with a small transportation company, and (6) although being a certified defensive driving instructor for commercial vehicles, has not taught a class or held a commercial driver's license.

Dkt. No. 76 at 5.

Plaintiff counters that Defendants "misstate, diminish, and cherry-pick Kelly's professional experience and public service and ignore the entirety of his qualifications." *Id*. Plaintiff argues that Mr. Kelly is qualified because he "received education on multiple areas of trucking and transportation safety, including education provided by JJ Keller, an industry leader in trucking safety practices, and the North American Transportation Management Institute." *Id*. Plaintiff also argues that Mr. Kelly's experience as a "certified commercial vehicle enforcement officer" who inspects "commercial motor vehicles documentation, including for permits and safety violations" supports Plaintiff's proposition that Mr. Kelly is an expert in trucking safety. *See id*. at 7.

After review of Mr. Kelly's expert report, the opinions offered therein, his deposition testimony, and the explanation for his opinions, the Court finds that Mr. Kelly is qualified to offer the opinions expressed within his report. Based on Mr. Kelly's experience and training, the opinions he offers are within Mr. Kelly's area of expertise.

Defendants also challenge the reliability of Mr. Kelly's opinion. Defendants allege Mr. Kelly's testimony is unsupported. *See generally* Dkt. No. 58 at 4–6. Defendants argue Mr. Kelly's opinion is not based on sufficient facts or the product of reliable methods. *See id*. at 4.

Plaintiff argues Mr. Kelly's opinions are relevant and reliable. Plaintiff states Mr. Kelly's opinions are reliable because of his review of documents, education, training, experience, and knowledge. Dkt. No. 76 at 9–10.

Mr. Kelly's opinions are sufficiently reliable to meet the *Daubert* threshold. Mr. Kelly's methodology is consistent with other expert's methodologies in the field, namely "weigh[ing] the facts and evidence with which they are provided, utilize their specialized training and knowledge of the industry, perform research if necessary, and compare the facts that they have been given to the standard in the industry as well as" the other relevant standards and authorities. Dkt. No. 72 at 8. Furthermore, Defendants' objections attack the weight of Mr. Kelly's opinions and testimony, not its admissibility. Accordingly, Mr. Ellis' expert testimony is permitted.

For the reasons discussed above, Mr. Kelly's expert opinion is admissible. The Motion is **DENIED**.

**SIGNED this 13th day of April, 2021.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE