## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| TAIWAN KING, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:19-cv-00217-RSP |
| | § | |
| CARDINAL SERVICES, LLC and | § | |
| RAEGAN LEMAIRE, | § | |
| | § | |
| *Defendants*. | § | |

## **MEMORANDUM OPINION**

Before the Court is the Amended[1] No-Evidence[2] Motion for Partial Summary Judgement of Defendants' Affirmative Defenses of Contributory Negligence and Failure to Mitigate ("Motion"), filed by Plaintiff Taiwan King ("Plaintiff" or "King"). Dkt. No. 60. King moves the Court to grant summary judgment on Defendants' contributory negligence and failure to mitigate defenses. *Id*. at 1[3]. The Motion is **DENIED**.

## BACKGROUND

This case arises from a collision between two commercial motor vehicles. LeMaire, as an employee of Cardinal, was driving an 18-wheeler truck carrying heavy industrial equipment. Dkt. No. 109 at 1. Due to the oversized and/or overweight nature of the load, Cardinal obtained a special

---

[1] On September 27, 2020, Plaintiff filed their original motion for partial summary judgment. Dkt. No. 42. On March 1, 2021, Plaintiff filed the present motion, which amended the original motion. The Defendants did not oppose the amendment or otherwise indicate to the Court that this motion was improper, the Court acknowledges that Dkt. No. 60 supersedes Dkt. No. 42.

[2] Plaintiff states "a party may also move for a no-evidence summary judgment under [Federal Rule of Civil Procedure] 56." Dkt. No. 60 at 3. Fed. R. Civ. Pro. 56 does not explicitly discuss a "no-evidence summary judgment" rule. *Compare* Fed. R. Civ. Pro. 56 *with* Tex. R. Civ. P. 166a(i). However, "movant may support a motion for summary judgment by pointing out that there is no evidence to support a specific element of the nonmovant's claim." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 n. 10 (5th Cir. 2017) (citing *Celotex*, 477 U.S. at 322-23)

[3] Citations are to the page numbers assigned through the ECF system.

permit that required LeMaire to follow a specific route. *Id*. LeMaire was in a convoy of other vehicles, also driven by Cardinal employees, along the state-permitted route. *Id.*

During the journey, LeMaire drove off-route eventually getting on to southbound U.S. Highway 59. *Id*. at 2. To get back onto the permitted route, LeMaire decided to perform a U-turn on U.S. Highway 59, which would require driving across all four northbound and southbound traffic lanes. *Id*. To start performing the U-turn, LeMaire pulled into an area off the travel lanes of U.S. Highway 59. *Id*. While LeMaire was preparing to make the U-turn, the convoy was stopping in a single-file line in the right lane of southbound U.S. Highway 59 with their hazard lights on. *Id*. To help facilitate the U-turn, LeMaire's supervisor pulled across U.S. Highway 59 and blocked northbound traffic; however, no one stopped—of otherwise impeded—traffic in the left lane of southbound U.S. Highway 59. *Id*.

Plaintiff, also driving an 18-wheeler truck, was driving in the left southbound lane of U.S. Highway 59. While LeMaire was attempting to make the U-turn, the two trucks collided.

**LEGAL STANDARDS**

    **A.**    **Summary Judgment**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248

(citation omitted). "[T]o succeed on summary judgment, the movant must completely foreclose any material factual disputes . . . ." *PPS Data, LLC v. Jack Henry & Assoc's, Inc*., 404 F. Supp. 3d 1021, 1039 (E.D. Tex. 2019). "[T]he court must draw all reasonable inferences in favor of the nonmoving party and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000). "Put another way, since the movant bears the burden on summary judgment, the movant's failure to wholly foreclose the existence of genuine disputes of material fact will preclude summary judgment." *PPS Data, LLC*, 404 F. Supp. 3d at 1037.

### B.      Proportionate Responsibility

> A plaintiff seeking to prevail on a negligence cause of action must establish the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach. "The two elements of proximate cause are cause in fact (or substantial factor) and foreseeability. . . . Cause in fact is established when the act or omission was a substantial factor in bringing about the injuries, and without it, the harm would not have occurred."

*Bustamante ex rel. D.B. v. Ponte*, 529 S.W.3d 447, 456 (Tex. 2017) (citations omitted).

Texas law provides that the trier of fact must apportion responsibility between persons who contributed to a harm for which a recovery is sought. Tex. Civ. Prac. & Rem. Code Ann. § 33.003(a). The Code provides:

> (a)  The trier of fact, as to each cause of action asserted, shall determine the percentage of responsibility, stated in whole numbers, for the following persons with respect to each person's causing or contributing to cause in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these:
> (1)  each claimant;
> (2)  each defendant;
> (3)  each settling person;  and
> (4)  each responsible third party who has been designated under Section 33.004.

3

Tex. Civ. Prac. & Rem. Code Ann. § 33.003(a). "Under proportionate responsibility, the fact-finder apportions responsibility according to the relative fault of the actors, thus allowing a plaintiff to recover while reducing that recovery by the percentage for which the plaintiff was at fault." *Nabors Well Servs. v. Romero*, 456 S.W.3d 553, 559-560 (Tex. 2015).

**ANALYSIS**

Plaintiff alleges the Defendants do not have sufficient evidence to show a genuine question of material fact to either the proportionate responsibility defense or the failure to mitigate damages defense.

### A.     Proportionate Responsibility

Plaintiff alleges Defendants "have no evidence to support any essential element of the [proportionate responsibility] defense." Dkt. No. 60 at 5. In particular, Plaintiff argues there "is no evidence that Plaintiff . . . failed to exercise the degree of care that a person of ordinary care would have exercised in the same or similar circumstances." *Id*.

Defendants argue there are genuine questions of material fact that preclude summary judgment. Defendants state that "[a] person of ordinary prudence would have slowed down upon seeing a convoy of eighteen-wheelers ahead traveling slowly with their hazard lights on, especially considering the slick road conditions at the time. While Plaintiff may have been driving below the posted speed limit, his speed was still excessive under the circumstances." Dkt. No. 74 at 7.

Indeed, Defendants have raised a genuine question of material fact. Whether a person of ordinary prudence would have slowed down under the circumstance is a question the trier of fact must answer. Defendants' trucking expert offers an opinion that "Mr. King had a duty to scan the area he was driving into (visual search), communicate his presence (communicate), manage his speed (speed management), manage his space (space management), change his driving due to

conditions (extreme driving conditions), and look for visual clues for hazards (hazard perceptions)." Dkt. No. 62-2 at 17. Notwithstanding the strength or weakness of these arguments, they still raise genuine material fact questions sufficient to withstand summary judgment.

### B.     Failure to Mitigate Damages

Plaintiff claims there is no evidence to support Defendants' failure to mitigate damages defense. Dkt. No. 60 at 9. Plaintiff articulates a failure to mitigate test relating failures to swiftly seek medical attention. *See id*. at 9–10. However, that is not the applicable standard. Since Plaintiff is seeking damages for loss of earning capacity, Defendants can introduce evidence of Plaintiff's earning capacity, whatever its limitations. *See Lowery v. Spa Crafters, Inc.*, No. SA-03-CA-0073-XR, 2004 U.S. Dist. LEXIS 16041, *3, 2004 WL 1824382 (W.D. Tex. Aug. 16, 2004) ("[I]f plaintiffs earning capacity is not totally destroyed, but only impaired, the extent of his loss may best be shown by comparing his actual earnings before and after his injury.") (citing *Tri State Motor Transit Co. v. Nicar*, 765 S.W.2d 486, 492 (Tex.App.—Houston [14th Dist] 1989, no writ)). Defendants can introduce evidence to show that Plaintiff should have sought or otherwise failed to seek alternative employment to mitigate his damages. *See Lowery*, 2004 U.S. Dist. LEXIS 16041 at *3. Defendants have presented evidence that could lead a reasonable jury to reduce Plaintiff's potential award based on evidence of King's failure to work, despite being able to do so. *See* Dkt. No. 74-6 at 2–4; *see also* Dkt. No. 74-7 at 3. Accordingly, summary judgement on Defendants failure to mitigate damages defense would be improper.

For these reasons, the Motion is **DENIED**.

**SIGNED this 20th day of April, 2021.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE