IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TAIWAN KING, | § § § § § § § § § § § | |
| *Plaintiff*, | | |
| v. | | Case No. 2:19-cv-00217-RSP |
| CARDINAL SERVICES, LLC and RAEGAN LEMAIRE, | | |
| *Defendants*. | | |

## MEMORANDUM OPINION

Before the Court is the Second Amended Motion to Exclude Evidence of the Status of Plaintiff's Pants ("Motion"), filed by Plaintiff Taiwan King. Dkt. No. 119. Plaintiff moves the Court to exclude evidence relating to "status of King's pants at the time of the crash." *Id*. at 1[1]. On April 21, 2021, Defendants filed their response. Dkt. No. 129.

Testimony regarding the status of King's pants was the subject of Plaintiff's motion *in limine* No. 8 ("MIL No. 8"). During the pre-trial conference held on April 12, 2021, the court denied MIL No. 8, which is reflected in the pre-trial conference transcript and resulting order. Dkt. No. 122 at 3. Although the Plaintiff does not use the term "reconsideration" in their Motion, Plaintiff's motion is ultimately a motion for reconsideration and will be treated as such.

For a motion for reconsideration, the moving party must ordinarily show "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, 881 F.Supp.2d 745, 749 (E.D. Tex. 2012) (citing *In re Benjamin*

---

[1] Citations are to document numbers and page numbers assigned through CM/ECF.

*Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002)). Plaintiff's argument is rooted in the third showing.

Plaintiff argues "this Motion to Exclude is narrowly focused on the testimony on . . . the status of King's pants." Dkt. No. 119 at 1. Plaintiff states "Tyler Hebert is the only witness who testifies regarding the status of King's pants." *Id*. at 2. Mr. Hebert states that he "did not see any parts of his body that would indicate that he was doing something inappropriate." Dkt. No. 119-3 at 6. Plaintiff argues that if Mr. Hebert were to offer such evidence, and in combination with the iPad found in King's truck, that "Defendants hope to link the location of the iPad and the status of King's pants so that the jury will speculate that King was watching pornography at the time of the crash." Dkt. No. 119 at 3.

Defendants respond that evidence of the status of King's pants, be it circumstantial or direct, is probative and relevant to whether King was distracted before the accident. Dkt. No. 129 at 2. Defendants argue "[t]he fact that Plaintiff's pants were not secured at the time of the accident provides a possible explanation for his inattention. Indeed, from this evidence, the jury could reach any number of conclusions unrelated to Plaintiff's example of 'watching pornography.'" *Id*. at 3. Defendants proceed to offer alternative explanations, "for example, a jury could conclude that Plaintiff was relaxing and momentarily dozed off or that he was preparing to change his trousers and not paying attention to his surroundings." *Id*.

The Court will not alter its original ruling. First, Plaintiff is incorrect that the status of King's pants did not receive attention in the briefing or during argument, this issue was both clearly briefed and clearly discussed during the pre-trial conference. Dkt. No. 103 at 3 ("The evidence referenced in Motion in Limine No. 8, including . . . the fact that Plaintiff s pants were unbuckled and unzipped, and fell down after the collision, relate to potential sources of distraction that the

jury is entitled to consider . . . ."); Pre-Trial Conference Transcript, pg. 19 ln. 7 to pg. 22 ln. 25. Second, Defendants have offered plausible alternatives to the relevance and probative value of the status of King's pants. The Court finds that evidence of King's pants would neither be cumulative nor overly prejudicial, particularly in light of its previous ruling which limits any argument related to "self-stimulation." Dkt. No. 122 at 3. The Plaintiff has, thus, not carried its burden to show that a clear error of law was made or that permitting evidence of King's pants would be manifestly unjust. Accordingly, the Motion is **DENIED**.

    **SIGNED this 22nd day of April, 2021.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE